Paul S. Chan – State Bar No. 183406
  pchan@birdmarella.com
Darren L. Patrick – State Bar No. 310727
  dpatrick@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS, & NESSIM LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff Mooney Farms

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOONEY FARMS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EATALY CENTURY CITY, LLC, a Delaware limited liability company; EATALY USA, LLC, a New York limited liability corporation; EATALY SILICON VALLEY, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:26-cv-3069<br><br>**COMPLAINT FOR:**<br><br>**1. TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>**2. UNFAIR COMPETITION (15 U.S.C. § 1125(a))**<br>**3. COMMON LAW TRADEMARK INFRINGEMENT**<br>**4. VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.***<br>**5. COMMON LAW UNFAIR COMPETITION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF (L.R. 83-11.2)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Mooney Farms brings this action against Defendants Eataly Century City, LLC, Eataly USA, LLC, Eataly Silicon Valley, LLC (collectively, "Eataly," "the Eataly Defendants," or "Defendants"), and Does 1-10, and alleges as follows:

## NATURE OF ACTION

1.     This dispute arises from Eataly's willful infringement of Mooney Farms' federally registered trademark BELLA SUN LUCI, U.S. Reg. No. 1824508. Mooney Farms is a California women-owned corporation that has produced healthy, Mediterranean-inspired food products since 1982. It has sold its flagship products – richly flavored, premium California sun dried tomatoes – to major retailers and distributors nationwide under the BELLA SUN LUCI brand since 1992. To protect its valuable and well-known brand, Mooney Farms obtained its federal registration for the BELLA SUN LUCI trademark in 1994, and the mark has since attained incontestable status.

2.     In violation of Mooney Farms' long-established trademark rights, and without Mooney Farms' knowledge or consent, Eataly commenced selling sun dried tomato products packaged and labeled with the identical BELLA SUN LUCI mark on a date prior to January 2026 (the "Infringing Products"). On information and belief, the Infringing Products were sold in Eataly stores nationwide, including in its Century City, Silicon Valley, and Chicago stores. Eataly's use of an identical mark in connection with the sale of an identical product has caused and is likely to cause consumer confusion as to the source, sponsorship, and affiliation of Mooney Farms' BELLA SUN LUCI mark.

3.     Moreover, although Eataly's Infringing Products utilize the identical mark and branding as Mooney Farms' products, on information and belief Eataly's Infringing Products are manufactured with sun dried tomatoes originating from Turkey – not California – and are manufactured in the presence of other ingredients (not present in Mooney Farms' manufacturing) that are potential allergens. As a result, Eataly's Infringing Products are inferior food products, and Mooney Farms

2
COMPLAINT

has suffered harm from both customer confusion about the source of the BELLA SUN LUCI mark and well as Eataly's false association of the mark with the inferior product quality and production of the Infringing Products.

## PARTIES

4. Plaintiff Mooney Farms is a women-owned California corporation. Based in Chico, California, Mooney Farms has manufactured high-quality sun dried tomatoes packed in olive oil, and other high quality food products since at least 1992. Mooney Farms sells its products at major food stores throughout the United States, including Costco, Sam's Club, and others.

5. Upon information and belief, Defendant Eataly Century City, LLC is a Delaware limited liability company that operates the Eataly store in the Westfield shopping mall located at 10250 Santa Monica Boulevard, Los Angeles, California.

6. Upon information and belief, Defendant Eataly USA, LLC is a New York limited liability corporation based in New York that owns and/or operates Eataly stores throughout the United States, including in Los Angeles and San Jose, California.

7. Upon information and belief, Defendant Eataly Silicon Valley, LLC is a Delaware limited liability company that operates the Eataly store in the Westfield shopping mall located at 2855 Stevens Creek Boulevard, San Jose, California.

8. Defendants Does 1 through 10 are sued under fictitious names because their true names and capacities currently are unknown to Mooney Farms. Mooney Farms will amend this Complaint to add their true names and capacities when such are ascertained. Upon information and belief, each of the fictitiously-named defendants is responsible in some manner for the acts alleged in this pleading, and they, along with Defendants, proximately caused the damages alleged herein.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the first two causes of action pursuant to 28 U.S.C. §§ 1331 and 1338, because they arise under the

Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. § 1367 because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

10.     This Court has personal jurisdiction over each of the Eataly Defendants because, on information and belief, they have deliberately directed their business activities to the State of California on a continuous basis since at least 2017, when Eataly USA LLC and Eataly Century City LLC opened a 67,000-square-foot market in the Westfield Century City shopping mall in Los Angeles, California that occupies three floors and transacts business with thousands of California residents on a daily basis. On information and belief, Eataly USA LLC and Eataly Silicon Valley LLC opened a second California location in 2022 in San Jose, California that occupies 45,000 square feet and, like the Los Angeles location, comprises several retail markets, cafes and restaurants, and is located in a high-traffic commercial area. Though its expansive footprint and entry into the California grocery sector, Eataly has purposefully availed itself of the protections of this forum state. Further, the claims alleged herein arise, in part, out of Eataly's contacts with and business operations in California, including Eataly's sale of infringing products in its California stores.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business and sold its Infringing Products in California, including at its Los Angeles, California store, and a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

A.     **Mooney Farms Owns the Federally Registered BELLA SUN LUCI Mark**

12.     Intellectual property is as important to Mooney Farms as is the quality and freshness of its products and is among its most valuable assets. Mooney Farms

4
COMPLAINT

owns and has continuously used the trademark BELLA SUN LUCI on and in connection with sun dried tomatoes since at least 1992, and has expanded use of the mark across a line of sauces, dressings, olive oils, rubs, marinades, and other products (the "BELLA SUN LUCI Mark").

13. On March 1, 1994, the United States Patent and Trademark Office ("USPTO) issued a federal registration, U.S. Reg. No. 1,824,508, to Plaintiff's predecessor in interest, Mooney Farms, a California partnership, for the BELLA SUN LUCI Mark for "sun dried food products; namely, tomatoes" in International Class 29. True and correct copies of excerpts of the registration certificate and the most recent Notice of Acceptance and Renewal of Registration under Sections 8 & 9 of the Trademark Act, 15 U.S.C. § 1059, are attached at **Exhibit A**.

14. On July 25, 2016, Mooney Farms (partnership) entered into a Trademark Assignment Agreement assigning its ownership of and right in the BELLA SUN LUCI Mark to the Plaintiff. Plaintiff duly recorded the Trademark Assignment Agreement with the USPTO on August 30, 2016 as Document No. 900376499.

15. The BELLA SUN LUCI Mark has attained incontestable status. Mooney Farms has spent significant resources over decades creating value and goodwill that is associated with the BELLA SUN LUCI Mark. As a result of Mooney Farms' continuous and exclusive use of the BELLA SUN LUCI Mark, the mark has become strongly associated with Mooney Farms and has become a valuable source identifier for its products.

**B.    Eataly's Sale of the Infringing Products Has Harmed Mooney Farms**

16. Defendant Eataly has had constructive notice of Mooney Farms' trademark since at least March 1, 1994, when the BELLA SUN LUCI Mark was published on the USPTO's Principal Register.

17. Nevertheless, in January 2026, Mooney Farms discovered that several

Eataly stores across the United States – including in Century City, Silicon Valley, and Chicago – were marketing, offering for sale, and selling sun dried tomatoes under a spurious "BELLA SUN LUCI" label. On information and belief, beginning on an unknown date prior to January to 2026, Eataly began packaging bulk sun dried tomatoes and labelling the packaged product with the BELLA SUN LUCI Mark without authorization from Mooney Farms.

18.    Mooney Farms does not distribute or sell it products to Eataly, and has never authorized Eataly to use or sell any products bearing the BELLA SUN LUCI Mark.

19.    It is also apparent from the labelling and packaging of Eataly's Infringing Products that they are not authentic Mooney Farms BELLA SUN LUCI products. For example, the Infringing Products' label lists the following ingredients: "Tomato, Water, Salt, Citric Acid, Glucose, Sulfur Dioxide, Ascorbic Acid, Sodium Metabisulphite, Potassium Sorbate." Because these are common ingredients of Turkish-produced sun dried tomato products, Mooney Farms is informed and believes that Eataly's bulk tomato product contains Turkish tomatoes and originates from Turkey, even though the Infringing Products' packaging fails to specify the place of origin.  Mooney Farms' authentic BELLA SUN LUCI sun dried tomato products originate from California.

20.    The Infringing Products' label also states, "[m]anufactured in a facility that processes peanuts, tree nuts, soy, milk, and egg." **Exhibit B** contains photos of the Infringing Products recently purchased at the Eataly Century City store. Mooney Farms' BELLA SUN LUCI sun dried tomatoes are, and have always been, produced in California using exclusively California tomatoes. As shown in **Exhibit C**, which is an image of Mooney Farms' packaging, the only ingredients of genuine BELLA SUN LUCI sun dried tomatoes are California tomatoes prepared with sulfur dioxide. Furthermore, Mooney Farms does not process peanuts or eggs, which, along with the differences in the respective product's ingredients, is yet another clear indication

that Eataly's Infringing Products are not genuine BELLA SUN LUCI sun dried tomatoes and that Mooney Farms had absolutely no involvement with nor is the source of Eataly's Infringing Products.

21.    Eataly's unauthorized use of the BELLA SUN LUCI Mark constitutes infringement of Mooney Farms' valuable trademark rights under the Lanham Act and state trademark and unfair competition laws. Mooney Farms is extremely concerned with Eataly's unlawful use of the BELLA SUN LUCI Mark for the Infringing Products. Mooney Farms is informed and believes the Infringing Products are inferior to genuine BELLA SUN LUCI sun dried tomatoes based upon their ingredients and country of origin, and the fact that they are manufactured among several potential allergens. However, because Eataly is using an identical mark in connection with the sale of an identical product, the consuming public is highly likely to mistakenly believe that the Infringing Products originate from or are associated with, approved by or licensed by Mooney Farms, when they are not.

22.    As a result of Eataly's conduct, Mooney Farms, the BELLA SUN LUCI Mark and associated goodwill have suffered harm, and the reputations of the BELLA SUN LUCI Mark and genuine product, as well as Mooney Farms itself, are likely to be, and have been, harmed because of Eataly's false association of the BELLA SUN LUCI Mark with the inferior product quality and production of the Infringing Products.

23.    Mooney Farms is entitled to compensation and damages for Eataly's unlawful use of the BELLA SUN LUCI Mark in connection with the offer for sale and sale of products that infringe the registered mark. Mooney Farms has suffered serious and significant damages, in amounts to be proven at trial, including but not limited to damages under 15 U.S.C. § 1117(a) (entitling Mooney Farms to an award of Eataly's profits, any damages sustained by Mooney Farms, and the costs of any action to enforce its rights); § 1117(b) (for willful use of a counterfeit mark, judgment for three times the greater of Eataly's profits or Mooney Farms' damages);

7
COMPLAINT

and/or § 1117(c) (allowing plaintiff to elect to recover statutory damages in an amount not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed for non-willful infringement, and up to $2 million for willful infringement per counterfeit mark per type of good infringed).

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement (15 U.S.C. § 1114)

### Against All Defendants

24.     Mooney Farms re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23, as though fully set forth herein.

25.     Mooney Farms owns the BELA SUN LUCI mark, which is a valid, protectable, and federally registered trademark. *See* **Exhibit A**.

26.     Mooney Farms has continuously used the BELLA SUN LUCI mark in commerce since at least 1992.

27.     Beginning on an unknown date prior to January 2026, Defendants began selling sun dried tomato products under the BELLA SUN LUCI mark without Mooney Farms' consent. Defendants used the BELLA SUN LUCI mark with at least constructive (if not actual) knowledge of Mooney Farms' prior use and rights in the BELLA SUN LUCI mark.

28.     Defendants' conduct has caused and is likely to cause consumer confusion as to the source, sponsorship, affiliation, or approval of the BELLA SUN LUCI Mark and Defendants' Infringing Products utilizing that mark.

29.     Defendants' unauthorized use of the BELLA SUN LUCI mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

30.     As a direct and proximate result of Defendants' infringement, Mooney Farms has suffered both monetary harm and irreparable harm.

31.     Mooney Farms has no adequate remedy at law. If Defendants are not enjoined, Mooney Farms will continue to suffer irreparable harm.

32. Defendants' acts were willful, deliberate, knowing, and/or malicious.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition (15 U.S.C. § 1125(a))

### Against All Defendants

33. Mooney Farms re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32, as though fully set forth herein.

34. Defendants' conduct has caused and is likely to cause consumer confusion as to the source, sponsorship, affiliation, or approval of the BELLA SUN LUCI Mark and Defendants' Infringing Products utilizing that mark.

35. By using the BELLA SUN LUCI mark in connection with the sale of the Infringing Products, Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

36. As a direct and proximate result of Defendants' infringement, Mooney Farms has suffered both monetary harm and irreparable harm.

37. Mooney Farms has no adequate remedy at law. If Defendants are not enjoined, Mooney Farms will continue to suffer irreparable harm.

38. Defendants' acts were willful, deliberate, knowing, and/or malicious.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

### Against All Defendants

39. Mooney Farms re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 38, as though fully set forth herein.

40. Mooney Farms owns and enjoys common law trademark rights to the BELLA SUN LUCI mark in California and throughout the United States.

41. Beginning on an unknown date prior to January 2026, Defendants began selling sun dried tomato products under the BELLA SUN LUCI mark without Mooney Farms' consent. Defendants used the BELLA SUN LUCI mark with at least constructive (if not actual) knowledge of Mooney Farms' prior use and rights

in the BELLA SUN LUCI mark.

42. Defendants' conduct has caused and is likely to cause consumer confusion as to the source, sponsorship, affiliation, or approval of the BELLA SUN LUCI Mark and Defendants' Infringing Products utilizing that mark.

43. Defendants' unauthorized use of the BELLA SUN LUCI Mark constitutes trademark infringement in violation of California's common law.

44. As a direct and proximate result of Defendants' infringement, Mooney Farms has suffered both monetary harm and irreparable harm.

45. Mooney Farms has no adequate remedy at law. If Defendants are not enjoined, Mooney Farms will continue to suffer irreparable harm.

46. Defendants' acts were willful, deliberate, knowing, and/or malicious.

**FOURTH CAUSE OF ACTION**

**Violation of California's Unfair Competition Law**

**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**

**Against All Defendants**

47. Mooney Farms re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 46, as though fully set forth herein.

48. Beginning on an unknown date prior to January 2026, Defendants began selling sun dried tomato products under the BELLA SUN LUCI mark without Mooney Farms' consent. Defendants used the BELLA SUN LUCI mark with at least constructive (if not actual) knowledge of Mooney Farms' prior use and rights in the BELLA SUN LUCI mark.

49. Defendants have engaged in unlawful, unfair and/or fraudulent business practices in violation of Cal. Bus. Prof. Code § 17200, *et seq*.

50. As a direct and proximate result of Defendants' infringement, Mooney Farms has suffered irreparable harm.

51. Mooney Farms has no adequate remedy at law. If Defendants are not enjoined, Mooney Farms will continue to suffer irreparable harm.

10
COMPLAINT

52. Defendants' acts were willful, deliberate, knowing, and/or malicious.

## FIFTH CAUSE OF ACTION

### Common Law Unfair Competition

### Against All Defendants

53. Mooney Farms re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 52, as though fully set forth herein.

54. Mooney Farms owns common law trademark rights to the BELLA SUN LUCI mark.

55. Defendants' unauthorized use of the BELLA SUN LUCI mark has caused and is likely to cause consumer confusion as to the source, sponsorship, affiliation, or approval of the BELLA SUN LUCI Mark and Defendants' Infringing Products utilizing that mark.

56. Defendants' acts constitute unfair competition under California common law.

57. As a direct and proximate result of Defendants' infringement, Mooney Farms has suffered irreparable harm.

58. Mooney Farms has no adequate remedy at law. If Defendants are not enjoined, Mooney Farms will continue to suffer irreparable harm.

59. Defendants' acts were willful, deliberate, knowing, and/or malicious.

## PRAYER FOR RELIEF

WHEREFORE, Mooney Farms prays for relief against the Defendants as follows:

1. For a preliminary and permanent injunction enjoining Defendants, their affiliates, subsidiaries, officers, directors, employees, partners, agents, representatives, and all other persons in privity or acting in concert with Defendants, from further acts of trademark infringement and unfair competition;

2. For actual damages resulting from Defendants' trademark infringement and unfair competition;

COMPLAINT

3.  For an accounting and disgorgement of all profits resulting from the Defendants' trademark infringement and unfair competition;

4.  For corrective advertising costs;

5.  Enhanced and/or treble damages;

6.  Punitive damages for the common law trademark infringement and unfair competition claims (counts III, V);

7.  Reasonable attorneys' fees and costs;

8.  Pre-judgment and post-judgment interest; and

9.  Such other and further relief as the Court may deem just and proper.

DATED:  March 20, 2026          Bird, Marella, Rhow, Lincenberg, Drooks, & Nessim, LLP

By: _____
                 Paul S. Chan
        Attorneys for Plaintiff Mooney Farms

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims triable by jury.

DATED:  March 20, 2026          Bird, Marella, Rhow, Lincenberg, Drooks, & Nessim, LLP

By: _____
                 Paul S. Chan
        Attorneys for Plaintiff Mooney Farms

COMPLAINT